408 F.2d 112
 UNITED STATES of America
v.
Ruggerio A. BOIARDO, Sr., Toby Boyd, Joseph Cipriano, Ben
Thomas and Andrew Gerardo, Andrew Gerardo, Appellant.
Ruggerio BOIARDO, Appellant,
v.
Le Roy C. MARTIN et al., State of New Jersey (Intervenor in D.C.).
Andrew GERARDO, Appellant,
v.
Le Roy C. MARTIN et al., State of New Jersey (Intervenor in D.C.).
Angelo SICA, Appellant,
v.
Le Roy C. MARTIN et al., State of New Jersey (Intervenor in D.C.).
 Nos. 17648, 17656, 17662 and 17663.
 United States Court of Appeals Third Circuit.
 Argued Feb. 7, 1969.
Decided Feb. 28, 1969.
 
 Harold Krieger, Krieger, Chodash & Politan, Jersey City, N.J., Michael A. Querques, Querques, Isles & Weissbard, Orange, N.J., Charles C. Carella, Citrino, Carella & Balsam, Nutley, N.J. (Harvey Weissbard, Daniel E. Isles, Orange, N.J., on the brief), for appellants.
 Donald S. Coburn, Asst. Prosecutor, Kenneth P. Zauber, Asst. U.S. Atty., Newark, N.J. (David M. Satz, Jr., U.S. Atty., Newark, N.J., Joseph P. Lordi, County Prosecutor of Essex County, Newark, N.J., on the brief), for appellees.
 Before HASTIE, Chief Judge, and GANEY and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 HASTIE, Chief Judge.
 
 
 1
 In this opinion we dispose of several appeals taken in two separate but closely related cases. In United States v. Gerardo, we review the refusal of the district court to supplement its action sanctioning a voluntary dismissal of an indictment by adding language prohibiting all federal agents who participated in the investigation which led to the indictment from making information or evidence thus obtained available for use in any other state or federal prosecution. The other appeals by Gerardo, Boiardo and Sica bring before us an order dismissing an original civil complaint wherein the appellants asked the court which had dismissed the Gerardo indictment to enjoin federal agents from testifying in any other case, state or federal, as to what they had learned in investigating the Gerardo case and from surrendering for use in any other case any evidentiary material obtained by search warrant or otherwise in that investigation. This court issued a restraining order pending appeal.
 
 
 2
 The present records show that in August 1966, suspecting violations of sections 4401, 4411 and 4412 of title 26, United States Code, agents of the Internal Revenue Service began an investigation of alleged commercialized gambling Essex and Bergen Counties, New Jersey. Surveillance of suspected gambling establishments, the actual placing of wagers and other undercover activities continued through January 1967. Thereafter upon the basis of this information, federal agents sought, obtained and executed a number of search and seizure warrants and arrest warrants. The subject matter of the present dispute is the information obtained by the agents in the course of the 6 months investigation and the additional evidence acquired early in February 1967 through execution of the warrants.
 
 
 3
 One result of this investigation was the indictment of Gerardo for violation of sections 4411 and 4412 of title 26. While this indictment remained untried the Supreme Court decided the case of Marchetti v. United States, 1968, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889, and Grosso v. United States, 1968, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906. These decisions led the United States, acting ex parte, to file a dismissal of the Gerardo indictment after first having obtained leave of court, in accordance with the procedure prescribed by Rule 48(a), Federal Rules of Criminal Procedure.
 
 
 4
 Months after this dismissal, Gerardo filed the present motion 'for an order amending the Order for Dismissal' in an effort to restrain the use of the fruits of the Gerardo investigation in connection with any prospective state prosecution.
 
 
 5
 We hold that the refusal of the district court to reopen the criminal proceeding for the requested purpose was proper. Rule 48(a) authorizes a United States Attorney to dismiss a prosecution not yet brought to trial, subject only to the qualification that he shall obtain leave of court. Only after trial shall have begun is the consent of the defendant required. United States v. Chase, 4th Cir. 1967, 372 F.2d 453. Rule 48(a) expressly stipulates that when a formal 'dismissal' is thus filed, 'the prosecution shall thereupon terminate.' After the Gerardo prosecution had duly terminated, the court had no obligation to reopen and enlarge the criminal case in order to deal with the collateral matter of the proper future use of evidence never introduced in that case, though originally obtained in contemplation of such use. These issues can as well and more appropriately be raised in the anticipated new criminal proceeding, or even in a civil action for injunctive relief such as the present appellants have filed.
 
 
 6
 The separate civil suit to restrain federal investigating officers from making the fruits of their investigation and search available for use in any state prosecution is patterned after the model provided by Rea v. United States, 1956, 350 U.S. 214, 76 S.Ct. 292, 100 L.Ed. 233, where the Supreme Court sanctioned the enjoining of federal agents from surrendering to the state authorities evidence which they had obtained by use of an invalid search warrant. However, the Rea case exhibits several distinguishing features. The search warrant was 'insufficient on its face, no probable cause existed, and the affidavit was based on unsworn statements.' 350 U.S. at 214-215, 76 S.Ct. at 293. Accordingly, in the original federal criminal proceeding the district court had entertained and granted a motion to suppress the evidence in question. Thus, the injuction applied only to the evidence obtained through an already established violation of the Federal Rules of Criminal Procedure. In the court's view, 'to enjoin the federal agent from testifying is merely to enforce the federal Rules against those owing obedience to them. * * * That policy is defeated if the federal agent can flout them and use the fruits of his unlawful act either in federal or state proceedings.' 350 U.S. at 217-218, 76 S.Ct. at 294.
 
 
 7
 In the present case, the search was entirely in conformity with law and in every respect 'reasonable' when it was made. The warrants were issued pursuant to an extraordinarily elaborate and precise affidavit which overwhelmingly established probable cause. It is not claimed that the warrants were in any way irregular. The search was concerned with apparent violations of federal criminal statutes which the courts, including the Supreme Court, had repeatedly enforced. United States v. Kahriger, 1953, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754; Lewis v. United States, 1955, 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475. There was and is no reason to discourage search made in such circumstances or the procedures through which it was authorized. Nothing in the nature of dirty business by federal agents was involved. Indeed, the federal agents would have been derelict in duty if they had not proceeded as they did.
 
 
 8
 Moreover, during the argument of this appeal counsel advised this court that after the indictment of Gerardo was dismissed, the federal authorities surrendered possession of the seized gambling paraphernalia to the state authorities. In these circumstances, any effective injunctive order would have to be addressed to the state officers who now have possession of the material, thus improperly intruding upon state administration of state prosecution. Stefanelli v. Minard, 1951, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138.
 
 
 9
 It is also important to consider that the appellants have prayed for an injunction in comprehensive terms covering, in addition to the fruits of the February search, all of the information about gambling activities obtained by federal agents from August through January without any searching of premises. Only observation and direct association with gambling activities, without need for a search warrant, were involved in the obtaining of evidence during these months of investigation. The Rea decision was not concerned with evidence obtained in this way.
 
 
 10
 Finally, in our view the recent decisions of the Supreme Court in Marchetti v. United States, supra, and Grosso v. United States, supra, do not require that the appellants be granted injunctive relief. Those decisions protected professional gamblers from the necessity of incriminating themselves by complying with statutory requirements that they register as gamblers, obtain and post a gambling stamp and supply the United States with detailed information about their illicit business. It was neither said nor in our view implied that professional gamblers should be protected against the discovery of their otherwise unlawful acts by procedures which would not compel them to aid in their own incrimination.
 
 
 11
 It is true that the federal investigation in this case probably would not have been undertaken and the search warrants would not have issued except as steps preliminary to prosecution under Sections 4411 and 4412 which is no longer permissible under the Marchetti and Grosso cases. From this premise it is argued that the search warrants are retrospectively invalid and the use of their fruits in a state prosecution infringes someone's privilege against self-incrimination and someone's right to be free from unreasonable searches. This seems to be the view of the Supreme Court of Pennsylvania. Commonwealth v. Katz, 1968, 429 Pa. 406, 240 A.2d 809.
 
 
 12
 We find it unnecessary to adopt or reject this reasoning now. We say merely that there was no impropriety in what the federal agents did in obtaining evidence when they did it. Thus, the equitable considerations which led the Supreme Court to approve the enjoining of federal agents in the Rea case are absent here. Moreover, as had been pointed out, the fruits of the search are no longer in the possession of the federal officers whom the appellants seek to enjoin in this case. And, under the Stefanelli case, supra, they are no longer within the proper reach of a federal injunction. And finally, the evidentiary use of information which the federal agents obtained without any searching of premises would afford no basis for a rational contention that anyone is being compelled to incriminate himself or that sanction is being given to any 'search,' lawful or unlawful.
 
 
 13
 These considerations suffice to make it proper for a court of equity to refuse to enjoin the defendant federal agents as petitioned by the appellants. We express no opinion whether the rationale of Commonwealth v. Katz, supra, should persuade the courts of New Jersey that so much of the evidence in any state prosecution as was yielded by the federal search pursuant to the February 1967 warrants should be suppressed.[1] Of course any Constitutional question presented by such a New Jersey decision is reviewable by the Supreme Court.
 
 
 14
 On all appeals, the judgments of the district court will be affirmed. This court's restraining order pending appeal shall terminate at the end of the day upon which this opinion is filed and no similar stay or restraining order shall be granted by this court pending any further proceedings in these cases in this court or pending any appeal from our decision.
 
 
 15
 Circuit Judge SEITZ concurs in the result because he believes that, under the facts, the district court properly denied relief in the exercise of its sound discretion.
 
 
 
 [1]
 Since the argument of this appeal, in a state criminal case where the prosecution proposes to use the fruits of this federal search, the Supreme Court of New Jersey has denied a motion to appeal from an order of the trial court denying a motion to suppress the disputed evidence. New Jersey v. Gerardo, 53 N.J. 261, 250 A.2d 130, decided February 17, 1969