**UNITED STATES of America, Plaintiff,**

v.

**Michael Charles YEAGLE, Defendant.**

**No. 10685.**

United States District Court
E. D. Kentucky,
Covington Division.

May 6, 1969.

**258**

Gerald E. McDowell, Bruce A. Burns, Dept. of Justice, Washington, D. C., for plaintiff.

Howell W. Vincent, Covington, Ky., Frank E. Haddad, Jr., Louisville, Ky., for defendant.

## MEMORANDUM

SWINFORD, District Judge.

The record is before the court on defendant's motion to suppress evidence and supplemental motion to suppress evidence.

Defendant has been indicted in five counts for willfully making a wagering excise tax return, Treasury Department Form 730, which was verified by a written declaration that it was made under penalties of perjury, and which he did not believe to be true and correct, in violation of section 7206(1) of Title 26, United States Code.

The authorities searched defendant's place of business pursuant to a search warrant issued by a United States Commissioner. This warrant was based on an affidavit which contained information taken from the wagering tax stamp records of the District Director. Defendant contends that the evidence seized at this search should be suppressed and states in his memorandum that he relies on Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889; Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906; and Silbert v. United States, D. Md., 282 F.Supp. 635.

*Marchetti* and *Grosso* do not support defendant's contention. In *Marchetti*, the Supreme Court reversed a conviction under the federal wagering tax statutes for willful failure to pay the annual occupational tax imposed by 26 U.S.C. § 4411 and for willful failure to register as required by 26 U.S.C. § 4412 before engaging in the business of accepting wagers. In *Grosso*, the Court reversed a conviction for failure to comply with 26 U.S.C. § 4411 and failure to pay the special excise tax on wagering imposed by 26 U.S.C. § 4401. The basis of the Court's decision was that compliance

with the requirements of these sections would have had the direct consequence of incriminating the petitioner therein. In *Marchetti*, the Court emphasized the relatively narrow scope of their holding:

"We emphasize that we do not hold that these wagering tax provisions are as such constitutionally impermissible; we hold only that those who properly assert the constitutional privilege as to these provisions may not be criminally punished for failure to comply with their requirements. If, in different circumstances, a taxpayer is not confronted by substantial hazards of self-incrimination, or if he is otherwise outside the privilege's protection, nothing we decide today would shield him from the various penalties prescribed by the wagering tax statutes." 390 U.S. at 61, 88 S.Ct. at 709.

In the instant case, defendant's situation is far different than that of the defendants in *Marchetti* and *Grosso*. Defendant herein is not charged with failure to register or to pay any tax. Instead, he is charged with having filed a return which was false. The filing of a correct return would not have incriminated him any more than the filing of a return which understated the amount of wagers which he accepted. A defendant who has filed a return and has been charged with filing a false return cannot attack the constitutional validity of the statute which requires the filing. Dennis v. United States, 384 U.S. 855, 865–866, 86 S.Ct. 1840, 16 L.Ed.2d 973; Kay v. United States, 303 U.S. 1, 6–7, 58 S.Ct. 468, 82 L.Ed. 607. A fortiori, such a defendant cannot assert a defense of privilege against self-incrimination in order to invalidate a warrant based on probable cause to believe defendant has filed a false return.

Defendant relies heavily on Silbert v. United States, supra, in which the District Court for the District of Maryland, reciting that it was so compelled by *Marchetti* and *Grosso*, suppressed evidence seized pursuant to warrants based solely on allegations of violations of the federal wagering tax provisions. This court does not feel that the holdings or the rationale of *Marchetti* and *Grosso*, as discussed above, compel such a result. Moreover, the authority of *Silbert* appears to have been seriously impaired by the recent case of Washington v. United States, 4 Cir., 402 F.2d 3. In *Washington*, the Court of Appeals upheld the validity of a search warrant even though the government may be unable to convict in the face of a properly asserted privilege against self-incrimination. Indeed, in the pending case, such a defense does not even appear to be available. Dennis v. United States, supra.

The *Washington* case is supported, by inference, by the opinion concurred in by three Justices in Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542, decided April 7, 1969. In that opinion Justice Stewart stated that the search was lawful pursuant to a warrant which was based on probable violations of 26 U.S.C. §§ 4411 and 4412. The issue of the validity of the search and seizure was not discussed in the opinion of the Court.

Defendant's supplemental motion seeks the suppression of all evidence voluntarily filed or given to the government in wagering tax returns before the return of the indictment herein. In his brief, defendant states that this motion is leveled against the figures used in the indictment, which were taken from the returns filed under the wagering tax laws and contends that this contravenes the holding in *Marchetti* and *Grosso*. As pointed out above, the Supreme Court's holdings in those two cases were specifically limited to a very narrow class of situations. Since the Court explicitly declined to hold the wagering tax laws unconstitutional, this court cannot accept defendant's contention that the taking of information from his returns violates his Fifth Amendment privilege against self-incrimination.

Defendant's motions to suppress evidence should be overruled. An order in conformity with this memorandum is this day entered.