STATE of Missouri, Respondent,

v.

Pasquale SELLARO, Appellant.

No. 53880.

Supreme Court of Missouri, Division No. 1.

Dec. 8, 1969.

Motion for Transfer to Court En Banc Denied Jan. 12, 1970.

**596**

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

Richard S. Sundeen, Kansas City, for appellant.

WELBORN, Commissioner.

An information filed in the Platte County Circuit Court on March 12, 1968 charged Pasquale Sellaro with occupying apartment No. 302 of an apartment house located at 4800 Cliffview Drive in Riverside, Missouri, in which he kept notes, sheets and betting sheets for the purpose of recording bets on baseball games. § 563.360, RSMo 1959, V.A.M.S. On a jury-waived trial, the court found the defendant guilty as charged and imposed a sentence of two years' imprisonment. This appeal followed.

The questions raised relate to the failure of the trial court to sustain defendant's motion to suppress the evidence upon which the conviction was based and upon the court's refusal to order the production of an unidentified informer who supplied information used as a basis for the search warrant which provided the incriminating evidence. We detail the facts only as they relate to these issues.

The evidence at which the motion to suppress was aimed was obtained under a search warrant issued by a United States district court judge. The search warrant was based upon affidavits of two special agents of the Federal Bureau of Investigation and a special agent of the United States Internal Revenue Service. The warrant was issued and executed on July 21, 1967 by federal officers accompanied by the Chief of the Riverside Police Department. The search warrant recited that the matters at which it was directed were sought in connection with alleged violation of §§ 4401, 4411, 4412, 4901, 7201, 7203 and 7262 of Title 26, U.S.C.A., all related to the federal tax on wagers and the occupational tax on bookmaking. Appellant contends, on this appeal, that the statutes relied upon were held unconstitutional in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889, and that the motion to suppress should have been sustained for that reason.

Marchetti v. United States, supra, and its companion case, Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed. 2d 906, were decided by the United States Supreme Court on January 29, 1968. Those cases held that, because the obligation to register and pay the taxes imposed on wagering exposed persons liable to pay

such taxes to prosecution for violation of state and federal wagering statutes, a person who properly asserted his privilege against self-incrimination could not be criminally punished for failure to comply with the wagering tax provisions. Do those decisions affect the validity of the search warrant in this case, issued prior to such decisions?

Appellant relied upon Silbert v. United States, 282 F.Supp. 635, 289 F.Supp. 318, D.C.Md., and Commonwealth v. Katz, 429 Pa. 406, 240 A.2d 809. Those cases held that, in view of Marchetti, supra, evidence seized by federal officers for prosecution under the federal gambling tax statutes could not be employed in state court prosecutions for gambling.

However, there are cases which have taken a contrary view. In United States v. Yeagle, 299 F.Supp. 257, U.S.D.C., E.D. Ky., 1969, the court, in a prosecution for making a false gambling tax return rejected the contention that, in view of Marchetti, evidence obtained under a search warrant based upon information taken from the wagering tax returns records should be suppressed. In rejecting the contention, the court stated (299 F.Supp. 259):

"Defendant relies heavily on Silbert v. United States, supra, in which the District Court for the District of Maryland, reciting that it was so compelled by *Marchetti* and *Grosso*, suppressed evidence seized pursuant to warrants based solely on allegations of violations of the federal wagering tax provisions. This court does not feel that the holdings or the rationale of *Marchetti* and *Grosso*, as discussed above, compel such a result. Moreover, the authority of *Silbert* appears to have been seriously impaired by the recent case of Washington v. United States, 4 Cir., 402 F.2d 3. In *Washington*, the Court of Appeals upheld the validity of a search warrant even though the government may be unable to convict in the face of a properly asserted privilege against self-incrimination."

The Supreme Court of New Jersey declined to follow Silbert and Katz, supra. In State v. Gerardo, 53 N.J. 261, 250 A.2d 130, the court held that a motion to suppress, in a case similar to that before us, was properly overruled. The court in that case pointed out that Marchetti protected a gambler from being required to furnish the evidence which could provide the basis for his criminal prosecution. Evidence procured by the use of a search warrant issued in an investigation of violation of the statute was not furnished by the defendant himself in obedience to the statute. The court concluded that use of such evidence violated neither the Fourth or Fifth Amendment to the Federal Constitution. "Here federal officers, obedient to their oaths of office, applied to a federal official, who, in compliance with his oath, signed arrest and search warrants, all pursuant to a statute passed by the Congress and approved by the President. In these circumstances we see no justification for the suppression of the truth." 250 A.2d 133. We reach the same conclusion in this case.

Appellant's second assignment of error is based upon the trial court's refusal to require the production of an unnamed informer who provided part of the information contained in one of the affidavits upon which the search warrant was based.

The affidavit of one of the F.B.I. agents, made in support of the application for the search warrant, referred to information supplied by a confidential informant. Appellant attacks the affidavit as insufficient under the rules laid down in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. However, we do not decide that question because the appellant, in effect concedes the adequacy of the other supporting affidavits and bases his claim of error upon the failure to require production of the confidential informant referred to in the affidavit of the I.R.S. special agent.

The affidavit of the I.R.S. agent recited that the informant was of established re-

liability; that the informant had, in the past, furnished accurate and reliable information which had led to convictions in the federal court; that other information furnished by the informant relating to gambling and bookmaking in the Kansas City area had been confirmed from independent sources. The affidavit then recited specific information provided by the informant relating to telephone calls which he had observed being made from a tavern in Kansas City between May 15, 1967 to July 18, 1967. The information was that the operator of the tavern had been observed on numerous specified occasions making calls relative to wagers on baseball games. The informant observed that the calls were made by dialing telephone number 741–2679. That was, according to the agent's affidavit, the number of the telephone at apartment No. 302 at 4800 Cliffview Drive.

Appellant asserts that the failure of the trial court to require production of the informer denied him the fundamental right under § 18(a), Article I of the Constitution of Missouri, 1945, V.A.M.S., and the Sixth Amendment to the Constitution of the United States to cross-examine his accusers. He contends that cross-examination of the informer was crucial in order to permit inquiring into his credibility, eyesight and prejudice. He even questions the existence of the informant, suggesting that the "confidential informer" was a euphemism for a wire tap.

■ The authorities relied upon by appellant do not support his contention. Neither State v. Burnett, 42 N.J. 377, 201 A. 2d 39, nor Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887, held that, in proceedings upon a motion to suppress, failure to require disclosure of the name of an informant who furnished information upon which a search warrant was, in part, based, was error. Rugendorf appears to suggest that, since the question was raised only on the motion to suppress and not on the merits, disallowance of the request was not error.

The objection here raised as a federal constitutional question was rejected in McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62. The court held that the federal constitution did not require a state "to abolish the informer's privilege from its law of evidence, and to require disclosure of the informer's identity in every such preliminary hearing where it appears that the officers made the arrest or search in reliance upon facts supplied by an informer they had reason to trust. The argument is based upon the Due Process Clause of the Fourteenth Amendment, and upon the Sixth Amendment right of confrontation, applicable to the States through the Fourteenth Amendment. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. We find no support for the petitioner's position in either of those constitutional provisions." 386 U.S. 312, 87 S.Ct. 1063.

In McCray, the court noted that the law of Illinois there involved was "consistent" with that of "many other states." Among the law of other states cited was State v. Cookson, Mo.Sup., 361 S.W.2d 683. In McCray, the court pointed out that, under Illinois law, "[w]hen the issue is not guilt or innocence, but, as here, the question of probable cause for an arrest or search, the Illinois Supreme Court has held that police officers need not invariably be required to disclose an informant's identity if the trial judge is convinced, by evidence submitted in open court and subject to cross-examination, that the officers did rely in good faith upon credible information supplied by a reliable informant." 386 U.S. 305, 87 S.Ct. 1059.

In this case, the court held a hearing at which the officers were cross-examined and the court concluded that disclosure should not be required. No violation of state or federal constitutional provisions has been demonstrated.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

SEILER, P. J., HOLMAN, J., and PINNELL, Special J., concur.

STORCKMAN, J., not sitting.