**Shad RAINEY and John Bowens, Appellants,**

**v.**

**UNITED STATES of America, its Agents, Servants and/or Employees, Internal Revenue Service Agents, the Chief of Intelligence Division of the Internal Revenue Service, and Carl A. Vergari, District Attorney of the County of Westchester, State of New York, Appellees.**

**No. 497, Docket 34080.**

United States Court of Appeals, Second Circuit.

Argued March 9, 1970.

Decided March 12, 1970.

Herman H. Tarnow, New York City (Richard D. Friedman, New York City, of counsel), for appellants.

T. Gorman Reilly, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty. for the Southern District of New York, of counsel), for appellee, the United States.

Janet Cunard, Asst. Dist. Atty. (Carl A. Vergari, Dist. Atty. of Westchester County, White Plains, N. Y., of counsel), for appellee, Carl A. Vergari.

Before SMITH, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM.

Prior to the decisions of the United States Supreme Court in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), federal enforcement agents gathered evidence of gambling activities of appellants and arrested them on warrants charging violation of the federal Wagering Tax Laws, 26 U.S.C. §§ 4411, 4401, and 7262. Following the *Marchetti* and *Grosso* decisions, the federal charges were dismissed. Thereafter the federal agents testified before the Westchester County Grand Jury, which indicted appellants for state gambling law violations. Appellants thereupon brought action in the District Court for the Southern District of New York, seeking to prevent the use in the state proceeding of evidence and information gathered by the federal agents. From an order denying a temporary injunction Rainey and Bowens appeal. We find no error and affirm the order denying relief.

While there has been some disagreement among the courts, federal and state, on the effect of *Marchetti* and *Grosso* on the use of the fruits of federal gambling tax investigations in state criminal proceedings,[1] we are in agreement with the result reached by the Third Circuit in United States v. Boiardo, 408 F.2d 112 (3 Cir. 1969). We can find no Congressional intent to restrict the use of information collected under the statute (see United States v. Leary, 395 U.S. 6 at 13, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969)) and no justification to invoke our supervisory powers to that end. There was no evidence seized here in violation of any constitutional protection and no disclosures by plaintiffs under the compulsion of the Wagering Tax Act.

The order denying injunctive relief is affirmed.

---

1. United States v. Boiardo, 408 F.2d 112 (3 Cir. 1969); see also Washington v. United States, 402 F.2d 3 (4 Cir. 1968); State v. Gerardo, 53 N.J. 261, 250 A.2d 130 (1969); Hanon v. United States (8 Cir. 1970); Commonwealth v. Katz, 429 Pa. 406, 240 A.2d 809 (1968); United States v. Yeagle, 299 F.Supp. 257 (E.D.Ky.1969); United States v. Armiento and Jernek (S.D.N.Y. Jan. 6, 1969); Silbert v. United States, 282 F.Supp. 635, 289 F.Supp. 318 (D.Md. 1969).