NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1310
_____

UNITED STATES OF AMERICA

v.

ROBERT WESTON,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-10-cr-00281-003)
District Judge:  Hon. Mitchell S. Goldberg
_____

Submitted Under Third Circuit LAR 34.1(a)
April 23, 2013

Before:  SLOVITER, JORDAN and NYGAARD, *Circuit Judges*.

(Filed: May 6, 2013)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Robert Weston appeals a judgment of conviction and sentence imposed by the

United States District Court for the Eastern District of Pennsylvania for possession of a

firearm by a felon.  For the reasons that follow, we will affirm.

## I.     Background

On the evening of January 6, 2010, officers from the Philadelphia Police Department's 14th District Narcotics Enforcement Team were investigating suspected drug trafficking in a neighborhood in North Philadelphia.  Two of the officers were waiting in an unmarked car when they received a radio call from a surveillance team who described an individual suspected of being a drug purchaser.  They drove toward that individual, later identified as Weston, and stopped him with the headlights of their car shining on him.  As the officers got out of their car, Weston pulled a gun out of his waistband and began running.  The officers ran after him.  As Weston turned into a vacant lot, he tossed away the gun.  One of the officers apprehended Weston, handed him off to his partner, and recovered the gun, which turned out to be a loaded .40 caliber semi-automatic revolver with the serial number obliterated.  The officers searched Weston and recovered Xanax (alprazolam) pills and marijuana from his pocket.

The Narcotics Enforcement Team continued its investigation in the area until approximately 3 a.m. the next morning.  During that time, they arrested four other persons and obtained and executed search warrants for two apartments nearby.  The execution of the search warrants resulted in the recovery of three guns and a significant quantity of prescription drugs and marijuana.  The officers who arrested Weston included his arrest in a police report that described all of the Narcotics Enforcement Team's activities on the night of his arrest.

A federal grand jury returned an indictment charging Weston with one count of possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1),

2

and one count of possession of a controlled substance, in violation of 21 U.S.C. § 844(a).

The case went to trial only on the felon-in-possession count, as to which the jury returned

a guilty verdict. Later, Weston requested and was granted new counsel. He then filed a

motion for a new trial, alleging that his trial counsel had been ineffective. The District

Court held an evidentiary hearing and denied that motion.

At sentencing, the District Court determined that Weston was an armed career

criminal under 18 U.S.C. § 924(e) and sentenced him to 180 months' imprisonment and 3

years' supervised release, along with a $100 special assessment. This timely appeal

followed.

## II.    Discussion[1]

Weston raises five arguments in this appeal: first, that the indictment against him

was defective and that the District Court erred when it failed to alter the indictment *sua*

*sponte*; second, that the evidence was insufficient to support his conviction; third, that the

Court abused its discretion when it permitted certain evidence against him to be admitted

at trial; fourth, that his trial counsel provided ineffective assistance and that the Court

erred in denying his motion for a new trial; and fifth, that the Court erred when it

calculated his guidelines sentence and determined that he was subject to a minimum

sentence of 180 months as an armed career criminal. We address each of those

arguments in turn.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have
jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

A.      *Challenge to the Indictment*

Weston first argues that the indictment was defective because it contained a reference to "an obliterated serial number" on the gun (App. at 31), which was unrelated to the offenses charged.[2] He contends that that reference was prejudicial surplusage and that the District Court should have struck it from the indictment on its own motion. Although we normally treat alleged defects in an indictment as "a legal question requiring plenary review," *United States v. Haddy*, 134 F.3d 542, 547 (3d Cir. 1998), Weston failed to preserve this objection at trial and we thus review the issue only for plain error, *United States v. Plotts*, 359 F.3d 247, 248-49 (3d Cir. 2004).

Federal Rule of Criminal Procedure 7(d) provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). "The authority of the court to strike such surplusage is to be limited to doing so on defendant's motion, in the light of the rule that the guaranty of indictment by a grand jury implies that an indictment may not be amended." Fed. R. Crim. P. 7 advisory committee's note. Weston admits that he did not move to strike the alleged surplusage from the indictment. Therefore, the District Court did not deviate from Rule 7(d) and it committed no error, let alone plain error, in not striking the alleged surplusage.

---

[2] Weston was charged as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and not as a person in possession of a firearm that has had the manufacturer's serial number removed, which would have been a violation of § 922(k).

4

B.       *Sufficiency of the Evidence*

Weston next argues that the evidence was insufficient for a jury to convict him of a violation of § 922(g) because the government failed to prove beyond a reasonable doubt that he knowingly possessed a handgun on the night of January 6, 2010.  "[A] claim of insufficiency of the evidence places a very heavy burden on an appellant."  *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) (internal quotation marks omitted).  "We apply a particularly deferential standard of review to challenges to the sufficiency of the evidence supporting conviction."  *United States v. Powell*, 693 F.3d 398, 401 n.6 (3d Cir. 2012) (internal quotation marks omitted).  Moreover, because Weston did not move for a judgment of acquittal based on the sufficiency of evidence pursuant to Federal Rule of Criminal Procedure 29(c), "we review this claim under a plain error standard."  *United States v. Gordon*, 290 F.3d 539, 547 (3d Cir. 2002).  "A conviction based on insufficient evidence is plain error only if the verdict constitutes a fundamental miscarriage of justice."  *Id.* (internal quotation marks omitted).

To show that Weston was a felon in possession of a firearm in violation of § 922(g)(1), the government was required to prove beyond a reasonable doubt "(1) that [he] had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) that [he] knowingly possessed a firearm; and (3) that the firearm had passed in interstate commerce."  *United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000).  Weston concedes that the government proved the first and third elements but argues that it failed to prove the second.  He bases that argument on the fact the arrest report did not say that he pulled a gun out of his waistband or that he had run.  However,

5

both arresting officers testified to those details at trial. One officer testified unequivocally that he saw Weston holding the gun and that he later recovered it from the place where Weston had thrown it, while the other officer corroborated that testimony. The jury evidently found that testimony credible. "Credibility determinations are the unique province of a fact finder," and "it is not for an appellate court to set [them] aside." *United States v. Kole*, 164 F.3d 164, 177 (3d Cir. 1998). Because no miscarriage of justice occurred in convicting Weston of a violation of § 922(g) based on the officers' testimony, there was no plain error and we will not disturb the jury's verdict.

C. *Evidentiary Challenges*

Weston next claims that the District Court erred in admitting certain evidence at trial. Specifically, he contends that evidence of the radio call that alerted the police to his approach should not have been admitted because it was hearsay. He also says that evidence relating to the execution of search warrants at apartments nearby should not have been admitted because it was irrelevant and prejudicial. "We afford a district court's evidentiary ruling[s] plenary review insofar as [they were] based on an interpretation of the Federal Rules of Evidence, but review a ruling to admit or exclude evidence, if based on a permissible interpretation of those rules, for an abuse of discretion." *United States v. Saada*, 212 F.3d 210, 220 (3d Cir. 2000). The abuse of discretion standard also applies to our review of a district court's application of the hearsay rule. *United States v. Tyler*, 281 F.3d 84, 98 (3d Cir. 2002).

An out-of-court statement is hearsay if "a party offers [it] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). Consequently,

6

"[w]hether a disputed statement is hearsay frequently turns on the purpose for which it is offered." *United States v. Sallins*, 993 F.2d 344, 346 (3d Cir. 1993). In this case, the contents of the radio call were not offered for their truth but for the proper purpose of showing why the police stopped Weston on the street, and the evidence is therefore not hearsay.[3] *Cf. United States v. Price*, 458 F.3d 202, 208 (3d Cir. 2006) ("In criminal cases, an arresting or investigating officer should not be put in the false position of seeming just to have happened on the scene; he should be allowed some explanation of his presence and conduct." (internal quotation marks omitted)).

Weston also contends that the District Court erred when it admitted testimony regarding the arresting officers' execution of search warrants following his arrest. The execution of those two warrants resulted in the recovery of guns and drugs, all of which was described in the same police report as the officers' account of Weston's arrest. Weston objects that the testimony in question was both irrelevant and prejudicial.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," Fed. R. Evid 401(a), and if "the fact is of consequence in determining the action," Fed. R. Evid. 401(b). Evidence of a "crime, wrong, or other act" is generally inadmissible to prove a defendant's character or that he acted in accordance with that character. Fed. R. Evid. 404(b)(1). However, such

---

[3] Because we conclude that the testimony regarding the radio call was not hearsay, we need not consider Weston's other argument concerning the radio call evidence, namely that its admission violated the Confrontation Clause. *See Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004) ("The [Confrontation] Clause ... does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.").

evidence is admissible for certain other purposes, such as showing motive, opportunity, or intent. Fed. R. Evid. 404(b)(2). "Rule 404(b) is a rule of inclusion rather than of exclusion[,] ... [and] [e]vidence can be admitted even if it does not fit one of the specific exceptions listed in the rule ... ." *United States v. Jemal*, 26 F.3d 1267, 1272 (3d Cir. 1994) (citation omitted). Still, "the district court must weigh the probative value of the evidence against its potential to cause undue prejudice ... ." *Id.*

The evidence of the execution of the warrant was relevant and not unduly prejudicial. Weston's defense relied primarily on the fact that the police report omitted some details, such as that he pulled the gun out of his waistband and that he had run from the police. He argued at trial that the absence of such details raised a reasonable doubt as to whether he had been in possession of a gun. The testimony about the execution of the warrant was relevant, as the government explained in response to Weston's objection, "to show the scope of the [police] operation so the jury understands how much went on that night and all the things that had to be included" in the police report. (App. at 258.) Any prejudice to Weston was limited because the jury was fully informed of the limited reason for the evidence and that Weston was not associated with the apartments that were the subject of the warrants. Therefore, as with the evidence of the radio call, the District Court did not abuse its discretion in admitting the evidence of the execution of the warrants.

D.      *Motion for New Trial*

Weston argues that his counsel was ineffective and that the District Court erred when it denied his motion for a new trial. He bases his ineffective assistance claim on his

8

trial counsel's alleged failure to inform him that he was facing a 15-year mandatory minimum term of imprisonment, as well as on counsel's agreement to the dismissal of the count charging him with possession of a controlled substance before trial. We ordinarily defer the issue of ineffective assistance to a collateral attack, unless the record on direct appeal is sufficient to allow for determination of the issue. *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003). In this case, the District Court held an evidentiary hearing with respect to Weston's ineffective assistance claim, so the record is indeed sufficient for us to render a decision. *See United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991) ("Where the record is sufficient to allow determination of ineffective assistance of counsel, an evidentiary hearing to develop the facts is not needed."). "We exercise plenary review over the legal component of a claim of ineffective assistance of counsel," *United States v. Smack*, 347 F.3d 533, 537 (3d Cir. 2003), and "[t]he underlying facts are reviewed for clear error, [but] are subject to independent judgment on whether the facts thus found constitute constitutionally ineffective assistance of counsel," *id.* (internal quotation marks omitted). We review the District Court's denial of Weston's motion for a new trial for an abuse of discretion, although we exercise plenary review over the Court's legal conclusions. *United States v. Chorin*, 322 F.3d 274, 277 (3d Cir. 2003).

To secure a new trial based on an ineffective assistance claim, a defendant must show that "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

9

would have been different," *id.* at 694. We therefore "undertake the familiar two-step inquiry" and consider first "whether counsel's performance was so deficient as to constitute a denial of counsel" and, second, "whether the alleged errors prejudiced [the defendant] by depriving [him] of a fair trial." *Thomas v. Varner*, 428 F.3d 491, 499 (3d Cir. 2005). In answering the first question, "[a] fair assessment of attorney performance requires that every effort be made to eliminate distorting effects of hindsight[] ... and to evaluate the conduct from counsel's perspective at the time." *Id.* (internal quotation marks omitted).

Both of Weston's ineffective assistance claims fail the first prong of *Strickland* because there is no credible evidence that counsel's representation was deficient. His claim that counsel failed to inform him of the mandatory 15-year minimum sentence is directly contradicted by the record of the evidentiary hearing, in which his trial counsel testified that he had "[a]bsolutely" discussed the potential penalty with Weston "on the first day that [he] met him." (App. at 416.) The District Court accepted counsel's account of the representation rather than Weston's contrary testimony. We may only disturb that factual determination if it is clearly erroneous, *United States v. Barbosa*, 271 F.3d 438, 469 (3d Cir. 2001), and nothing in the record suggests that it is.

Weston's claim that counsel was ineffective in consenting to the government's dismissal of the controlled substances count fails because counsel had no meaningful authority to consent or not on that charging decision.[4] Under Federal Rule of Criminal

---

[4] Weston alleges that his counsel agreed not to object to the admission of evidence that drugs had been found on Weston at trial on the felon in possession count, if the

10

Procedure 48, prior to trial, "[t]he government may, with leave of court, dismiss an indictment, information, or complaint;" consent from the defense is only required for dismissal after a trial has commenced. Fed. R. Crim. P. 48(a). "Only after trial shall have begun is the consent of the defendant required." *United States v. Boiardo*, 408 F.2d 112, 114 (3d Cir. 1969). Here, the government dismissed the controlled substance count with the District Court's approval before the trial began. Therefore, no assistance of counsel, effective or otherwise, was required, and the Court correctly determined that Weston had not been denied effective assistance of counsel. It follows that there was no abuse of discretion in denying Weston's motion for a new trial.

E.    *Sentencing Challenges*

Finally, Weston contends that the District Court erred when it determined, pursuant to 18 U.S.C. § 924(e)(1), that he was an armed career criminal. He claims that he did not have the three necessary predicate convictions to be so categorized, and that the convictions he did have were not for serious drug offenses. We review for clear error the factual findings on which a District Court bases a sentence. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc). "A finding is 'clearly erroneous' when[,] although there is evidence to support it, the reviewing [body] on the entire evidence is left

---

government dropped the controlled substance count. Weston contends that that agreement was ill-advised, because if had been tried on both counts, he would have requested and been granted bifurcation of the charges, and the jury on the felon-in-possession count would not have heard evidence of his possession of controlled substances. His speculation of what he would have requested and what the Court would have ruled does not amount to proof of ineffective assistance of counsel under these circumstances.

11

with the definite and firm conviction that a mistake has been committed." *Id.* (alterations in original) (internal quotation marks omitted).

Section 924(e) provides for a minimum sentence of 15 years' imprisonment for a person convicted as a felon in possession under § 922(g) who has "three previous convictions ... for a violent felony or a serious drug offense, or both ... ." 18 U.S.C. § 924(e)(1). A "serious drug offense" includes, *inter alia*, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance ... ." *Id.* § 924(e)(2)(A)(ii). Prior to his conviction on the present offense, Weston had three convictions in Pennsylvania state court for serious drug offenses.[5] Weston contends that one of those convictions should not count for purposes of § 924(e) because he entered a plea of *nolo contendere* that did not constitute an admission of the elements of a predicate offense. But § 924(e) does not require proof or admission of the elements of a predicate offense. It requires only a judgment of conviction. *See United States v. Jefferson*, 88 F.3d 240, 243 (3d Cir. 1996) (holding that any "adjudication of guilt" constitutes a "conviction" under Pennsylvania law for purposes of § 924(e)).

Weston also makes the puzzling argument that the District Court should have treated two of his prior offenses as a single offense because he committed one before he was sentenced on the other and so they should not be seen as having occurred on different occasions. That is clearly wrong, as § 924(e) "does not require that the predicate felonies

---

[5] Each of those convictions was for the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance.

be separated by conviction and punishment" but merely that they be "[d]iscrete criminal episodes." *United States v. Gray*, 85 F.3d 380, 381 (8th Cir. 1996).

Lastly, Weston suggests that § 924(e) does not apply at all, because his "three predicate [drug] convictions are not serious in the sense that the amounts were small." (Appellant's Opening Br. at 45.) Because it speaks only to "convictions" and not to "amounts," § 924(e) forecloses that argument as well. The District Court's conclusion that Weston had three prior convictions for serious drug offenses was not clearly erroneous, and the Court did not err in imposing the minimum sentence required by § 924(e).[6]

## III.    Conclusion

For the foregoing reasons, we will affirm the judgment of conviction and sentence of the District Court.

---

[6] Weston also argues that the District Court improperly applied a four-level increase in his offense level for possession of a firearm with an obliterated serial number, pursuant to Sentencing Guidelines § 2K2.1(b)(4)(B). Specifically, he contends that the District Court erred because the jury was not asked to make a finding on whether the firearm had an obliterated serial number. He asserts that such a finding is required under the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. It is well established, however, that *Apprendi* does not apply to guideline enhancements. *See United States v. Grier*, 475 F.3d 556, 565 (3d Cir. 2007) ("[T]he right to proof beyond a reasonable doubt does not apply to facts relevant to enhancements under an advisory Guidelines regime."). More to the point, though, the District Court determined that Weston was an armed career criminal and sentenced him based on the guideline range set forth in U.S.S.G § 4B1.4, not § 2K2.1.

13